**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

Walter Norton

v. Civil No. 06-cv-490-PB

Cross Border Initiative, et al.[1]

**O R D E R**

Walter Norton has filed this complaint, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, alleging that the defendants have violated his Fourth Amendment rights by using excessive force during his January 2004 arrest.[2] As Norton is a prisoner proceeding both

---

[1]Norton names the following individual defendants to this action: Cross Border Initiative Task Force members: Michael O'Shaughnessy, Robert Kew, Glen Coletti, Calice Couchman, Kevin Frye, James Flaherty, Frank Waterman, Marcos Chavez, Brian Proulx, Jason Steiner, and Terry Hanson; Massachusetts State Police/Essex County Drug Task Force members: William Canty, Stephen Gondella, Mark Rivet, and Sean Richards; and Nashua Police Department Officer William Moore.

[2]Unconstitutional acts of excessive force alleged to have been committed by individuals acting under color of state law are actionable pursuant to 42 U.S.C. § 1983. See Graham v. Conner, 490 U.S. 386, 388 (1989) (recognizing availability of § 1983 action for excessive force during arrest committed by state actor). While such acts alleged to have been committed by individuals acting under color of federal authority are actionable under Bivens v. Six Unknown Named Agents of Fed.

pro se and in forma pauperis, the matter is currently before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28 U.S.C. § 1915A(a). As fully explained herein, I direct Norton to amend his complaint to state, with specificity, the actions taken by each named individual defendant that have violated plaintiff's constitutional rights.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge must conduct a preliminary review to determine whether the complaint or any portion thereof should be dismissed because:

> (i)the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or

---

Bureau of Narcotics, 403 U.S. 388 (1971). See Saucier v. Katz, 533 U.S. 194, 198-99 (2001) (recognizing availability of Bivens action to redress claim that federal officers utilized excessive force during arrest).

(ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally in favor of the pro se party. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

On January 23, 2004, Norton was arrested by a task force comprised of federal, state, and local law enforcement officers. Norton states that during his arrest, he was lying down and not resisting the arrest. Nonetheless, Norton alleges, the arresting officers punched him, kicked him in the face, stomped on his head, and delivered several blows to his body. Norton alleges that this exercise of brutal force was unnecessary and unprovoked. As a result of the force used during his arrest, Norton alleges that he suffered a great deal of physical and mental pain, including severe headaches, and a black eye. Norton also alleges that he suffered lasting damage to his left hand after he was handcuffed with plastic "zip tie" handcuffs with excessive force.

## Discussion

### I. Excessive Force

A claim that law enforcement officers used excessive force in the course of making an arrest is properly analyzed under the Fourth Amendment. See Scott v. Harris, ___ U.S. ___, 127 S. Ct. 1769, 1776 (2007) (citing Graham v. Connor, 490 U.S. 386, 388 (1989)); Jennings v. Jones, 479 F.3d 110, 119 (1st Cir. 2007).

In order to prevail on a Fourth Amendment excessive force claim, a plaintiff must establish that the defendants' actions in making the arrest were objectively unreasonable in light of the facts and circumstances known to the arresting officer at the time of the arrest. Jennings, 479 F.3d at 119 (citing Graham, 490 U.S. at 397); Calvi v. Knox County, 470 F.3d 422, 428 (1st Cir. 2006).

While the complaint does not provide much detailed information regarding the circumstances of the arrest beyond the description of the law enforcement officials' blows, it states the minimum facts necessary to establish that the force utilized was objectively unreasonable. As alleged, Norton describes a scenario where he received a brutal beating while he was lying on the ground, not resisting arrest, and not provoking a physical attack in any manner. Such allegations suffice to state a claim for the violation of Norton's Fourth Amendment rights.

II. Duty to Protect

"An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance." Gaudreault v. Mun'y of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991); Clark

v. Taylor, 710 F.2d 4, 9 (1st Cir. 1983) (a person in a position of responsibility may have a duty to intervene to prevent a constitutional violation, if the failure to act would constitute "a reckless or callous indifference" to the person being acted upon). An officer need not be directly involved, therefore, in the administering of excessive force to be held liable for excessive force committed by other officers in his presence. However, "[a]bsent evidence of participation, concerted action, or at least culpable knowledge, one officer cannot be held jointly liable under section 1983 for another officer's use of excessive force." Calvi, 470 F.3d at 429. Norton can state a claim against officers who were present when other officers used excessive force upon him, but who did not themselves engage in the use of such force, if he can demonstrate that the officer participated in the use of force, acted in concert with the officers utilizing force, or, at least, had culpable knowledge of the inappropriate use of force.

III. Adequacy of the Complaint

Under Fed. R. Civ. P. 8(a)(2), a plaintiff is only required to submit "a short and plain statement" of his claim that demonstrates that he is entitled to relief. Erickson v. Pardus,

___U.S. ___, No. 06-7317, 2007 WL 1582936, at *3 (U.S. June 4, 2007). The statement of facts in a complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___, 127 S. Ct. 1955, 1959 (2007) (internal citations omitted)).

However, in order to provide a defendant with fair notice of the claims, the plaintiff, in filing a civil rights complaint, must set forth for each claim "at least . . . minimal facts, not subjective characterizations, as to who did what to whom and why." Guglielmo v. Cunningham, 811 F. Supp. 31, 35 (D.N.H. 1993) (quoting Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)). And while pleadings filed by pro se litigants "must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle, 429 U.S. at 106 (internal quotations omitted), "[e]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims." Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995) (citations omitted).

Here, Norton has plainly alleged the minimum facts necessary to support a claim of excessive force against the officers who

assaulted him. Norton has also alleged sufficient facts to state a claim against any responsible officer present at his arrest who failed to intervene to protect Norton from the use of excessive force. However, while Norton has named a number of individual officers to this action, he has failed to identify which officers engaged in, or failed to engage in, what specific acts rendering them liable as defendants in this civil rights action. In order to adequately plead his excessive force and failure to protect claims against individual defendants, Norton must amend his complaint to state, with specificity, who did what specific acts, or failed to do what specific acts, to violate his rights.

Conclusion

Norton is directed to amend his complaint, within twenty days from the date of this Order, to identify, with specificity, what conduct on the part of each individually named defendant renders that defendant liable to suit in this action. See LR 4.3(d)(2)(B) (authorizing the magistrate judge to order a pro se incarcerated plaintiff to file an amended pleading). If Norton fails to amend his complaint as directed, I will recommend the

complaint be dismissed for failing to state a claim upon which relief might be granted. See LR 4.3(d)(2)(A).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: June 6, 2007

cc: Walter Norton, pro se