**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Walter Norton

    v.                                Civil No. 06-cv-490-PB

Cross Border Initiative, et al.[1]

**O R D E R**

Before the Court is plaintiff's most recent motion to extend the time for filing an amendment to his complaint (document no. 12). I previously directed Norton to amend his complaint to identify which of the named defendants took what actions against him (document no. 6). Norton has demonstrated a diligent effort to obtain the information requested by filing a request for law enforcement records and reports pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. When I last granted Norton a filing extension, I noted that no further

---

[1] Norton names the following individual defendants to this action: Cross Border Initiative Task Force members: Michael O'Shaughnessy, Robert Kew, Glen Coletti, Calice Couchman, Kevin Frye, James Flaherty, Frank Waterman, Marcos Chavez, Brian Proulx, Jason Steiner, and Terry Hanson; Massachusetts State Police/Essex County Drug Task Force members: William Canty, Stephen Gondella, Mark Rivet, and Sean Richards; and Nashua Police Department Officer William Moore.

extensions would be granted.  Norton has now filed an additional motion to extend, citing extraordinary circumstances that warrant this Court's consideration.  Norton attaches a letter from the Department of Justice, dated September 27, 2007, expressing "regret" for "the inordinate amount of time it has taken to process [Norton's FOIA] request" but indicating that Norton's request, initially sent on June 30, 2007, is not sufficient to enable them to locate the records sought.

Rather than wait some indeterminate period for Norton's FOIA request to produce the documents needed to identify the specific acts of individual law enforcement officers in this case, I find that, because Norton has stated valid legal claims, it is expedient at this juncture to allow service of the complaint against each of the defendants named.  Norton can obtain the specific information he is seeking through the discovery process. Upon service of this action on the named defendants, Norton can serve the named defendants with interrogatories to obtain the information he needs to identify which defendant committed which action against him, or failed to fulfill a duty to him, pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by an officer or agent, who shall furnish such information as is available to the party.

Upon receipt of the information he needs regarding the acts and omissions of each individual defendant, Norton can move this Court to amend his complaint to identify, with specificity, those acts or omissions that give rise to each individual defendant's liability.  Additionally, Norton can, at that time, voluntarily dismiss any defendants he determines are not liable to him in this action.

As I previously stated in my initial Order to amend the complaint, Norton has alleged the minimum facts necessary to support a claim of excessive force against the officers who assaulted him.  Norton has also alleged sufficient facts to state a claim against any responsible officer present at his arrest who failed to intervene to protect Norton from the use of excessive force.  Accordingly, I find that Norton has stated claims upon which relief may be granted.  My review of the file indicates that Norton has not completed a separate summons form for each

defendant named.  I direct the Clerk's office to send Norton sixteen summons forms, one for each named defendant, to complete and return to this Court within thirty days.  Once the summons forms are received by the Clerk's office, I direct that the complaint be served upon defendants in accordance with this Order.

As to the federal defendants, Michael O'Shaughnessy, Robert Kew, Glen Coletti, Calice Couchman, Kevin Frye, James Flaherty, Frank Waterman, Marcos Chavez, Brian Proulx, Jason Steiner, and Terry Hanson, the Clerk's office is directed to issue the necessary summons forms and forward to (i) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States, and (iii) the Department of Justice/Drug Enforcement Agency/Cross Border Initiative, by certified mail, return receipt requested, the summonses and copies of the Complaint (document no. 1), the order to amend (document no. 6), and this Order.  See Fed. R. Civ. P. 4(c)(2) & 4(i).  The federal defendants are instructed to answer or otherwise plead within sixty days of service.  See Fed. R. Civ. P. 12(a)(3).

As to the Massachusetts State Police defendants, William Canty, Stephen Gondella, Mark Rivet, and Sean Richards, and the Nashua, New Hampshire police officer defendant, William Moore, the Clerk's office shall issue the summonses against each defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1), the order to amend (document no. 6), and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the Massachusetts and New Hampshire state defendants.  See Fed. R. Civ. P. 4(c)(2) & 4(e).  The Massachusetts and New Hampshire state defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Norton is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   October 17, 2007

cc:     Walter Norton, pro se